**Lynn AUGUST**

v.

**Suzanne MITCHELL, et al**

**No. Civ. A. 00–3756.**

United States District Court,
E.D. Louisiana.

Feb. 1, 2002.

Reva E. Lupin, Reva E. Lupin, PC, Metairie, LA, Sanford A. Kutner, Oklahoma City, OK, for plaintiff.

Stephen F. Babin, Kimberly Marie Richardson, Rebecca Lynn Clausen, Michael Leslie Penn, Margaret Ann Pierce, State of La., Dept. of Justice, Lit. Div., New Orleans, LA, for defendants.

## ORDER

BARBIER, District Judge.

Before the Court is the **Motion to Dismiss on the Grounds of State Sovereign**

Immunity (Rec.Doc. 29)[1], filed by defendants, Suzanne Mitchell, Mae Nelson, Ed Barras, and the Department of Social Services for the State of Louisiana ("DSS"). Plaintiff opposes the motion. The motion, set for hearing on Wednesday, January 30, 2002, is before the Court on briefs without oral argument. Having considered the various memoranda filed by both sides and the applicable law, the Court concludes, for the reasons that follow, that the motion should be **DENIED.**

### Background

Plaintiff Lynn August (August), a blind African–American male, entered into an agreement as an independent contractor with Louisiana Rehabilitation Services ("LRS") to provide LRS clients with computer training services. August taught computer training courses from August 1999 until June 2000. After June 2000, plaintiff avers that LRS never approved his proposed manual materials; LRS required approval of these manuals in order to teach. Plaintiff claims that LRS's failure to timely approve his materials is in violation of the Rehabilitation Act, 29 U.S.C. § 791, et seq.

On September 28, 2001, this Court dismissed plaintiff's claims arising out of the same facts but brought under the Civil Rights Act, 42 U.S.C. §§ 1981 and 1983, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., for lack of subject matter jurisdiction. After entry of that Order, only plaintiff's Rehabilitation Act claim remained.

Defendants now move to dismiss the Rehabilitation Act claim in light of the recent precedent established in *Reickenbacker v. Foster*, 274 F.3d 974 (5th Cir.

2001). Plaintiff's sole argument in opposition to this motion is that this case is factually dissimilar from *Reickenbacker;* however, plaintiff neither points to any dispositive factual distinctions nor argues their legal significance.

### Discussion

The Fifth Circuit issued its opinion in *Reickenbacker* on December 3, 2001, recognizing that the Supreme Court's decision in *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), effectively overruled the preexisting Fifth Circuit precedent in *Coolbaugh v. State of Louisiana*, 136 F.3d 430 (5th Cir.1998). *Reickenbacker*, 274 F.3d at 979. The issue in *Reickenbacker* was whether Congress effectively abrogated state sovereign immunity when it enacted the ADA and Rehabilitation Act. The Fifth Circuit, applying the reasoning of *Garrett*, found that Congress, in order to abrogate state sovereign immunity, needed to demonstrate that the state engaged in *unconstitutional* discrimination, whereas previously, a showing of discrimination alone sufficed. *Reickenbacker*, 274 F.3d at 980.

The Fifth Circuit in *Reickenbacker* found that "the accommodation obligation imposed by Title II of the ADA and § 504 of the Rehabilitation Act far exceeds that imposed by the Constitution" and concluded that the remedies provided through these acts were neither congruent nor proportional to any "unconstitutional discrimination alleged against the disabled by the States" as discussed in the legislative findings. *Id.* at 983. The Fifth Circuit held that the lower court in *Reickenbacker* should have dismissed the Title II and

---

1. Defendants' counsel explained that due to confusion regarding the number of copies required at the time of filing, defendants filed two original copies of the same motion, Record Documents 29 and 30. However, both documents are identical, and only one motion is before the Court at this time.

Rehabilitation Act claims against defendant-appellant Louisiana Department of Public Safety and Corrections because Congress never effectively abrogated state sovereign immunity when it passed these acts. *Id.* at 984. The Fifth Circuit, however, specifically declined to address the issue of whether the state waived its sovereign immunity under the Rehabilitation Act by accepting federal funds, as the issue was not raised by the parties in the district court. *Reickenbacker,* 274 F.3d at 984. Further, the Fifth Circuit did not intimate what outcome it would have reached had the plaintiffs in *Reickenbacker* properly raised that issue in the district court. *Id.*

This Court has previously recognized that DSS receives federal financial assistance. *Daigle v. La. Dept. of Soc. Serv.,* Civ. A. No. 01–2154, Order and Reasons (Nov. 1, 2001) (order and reasons denying defendant's motion to dismiss), *appeal docketed,* No. 01–31364 (5th Cir. Nov. 20.2001). Thus, *Reickenbacker* does not resolve the matter at hand as readily as defendants would have it. Accordingly, this Court must look to pre-*Reickenbacker* case law addressing the issue of whether a state waives its sovereign immunity to be sued under the Rehabilitation Act when it receives federal funds.

While the Fifth Circuit in *Reickenbacker* did not substantively address the issue at bar, it did affirmatively note *Lane v. Pena,* 518 U.S. 187, 200, 116 S.Ct. 2092, 2100, 135 L.Ed.2d 486 (1996), in which the U.S. Supreme Court found that the states, in fact, waive their sovereign immunity to be sued under the Rehabilitation Act when they accept federal financial assistance.[2] *Reickenbacker,* 274 F.3d at 984 n. 73.

The petitioner in *Lane* brought suit against the federal government under the Rehabilitation Act. *Lane,* 518 U.S. at 189, 116 S.Ct. at 2095. After Lane's physician diagnosed him with diabetes mellitus, he was dismissed from the United States Merchant Marine Academy (USMMA) on the basis that his diabetes was a "disqualifying condition."[3] *Id.* Soon after the District Court for the District of Columbia rendered its decision to grant Lane compensatory damages as well as injunctive relief reinstating Lane to the USMMA, the Court of Appeals for the District of Columbia rendered a conflicting decision in *Dorsey v. United States Dept. of Labor,* 41 F.3d 1551 (1994). In *Dorsey,* the appellate court held that the Rehabilitation Act did not unequivocally abrogate the "Federal Government's sovereign immunity against monetary damages for violations of § 504(a) [of the Rehabilitation Act]." *Lane,* 518 U.S. at 190, 116 S.Ct. at 2096. The district court subsequently vacated its decision granting Lane compensatory damages, and thereafter, Lane appealed the decision to the Supreme Court. *Id.*

The Supreme Court ultimately held that Congress did not effectively waive the federal government's sovereign immunity against plaintiffs seeking monetary damages under the Rehabilitation Act, thereby affirming the district court's post-*Dorsey* decision. *Id.* at 200, 116 S.Ct. at 2100. However, the Court noted that Congress

---

**2.** The Supreme Court addressed 42 U.S.C. § 2000d–7 in *Lane.* 42 U.S.C. § 2000d–7(1) provides that "[a] State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C.A. § 794] . . . ."

**3.** The Maritime Administration, an organization within the Department of Transportation, oversees the USMMA. *Lane,* 518 U.S. at 189, 116 S.Ct. at 2095. The USMMA "trains students to serve as commercial merchant marine officers and as commissioned officers in the United States Armed Forces." *Id.*

effectively abrogated *state* sovereign immunity in section 1003 of the Rehabilitation Act Amendments of 1983, which Congress enacted in response to the Court's decision in *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985).[4]

The Fifth Circuit cited to *Lane* in the context of its upholding the validity of Congress's unequivocal waiver of state sovereign immunity in the Rehabilitation Act. *Reickenbacker v. Foster,* 274 F.3d 974, 984 n. 73 (5th Cir.2001). In the same breath, the Fifth Circuit explicitly declined to address the issue anew. *Id.* at 984. Therefore, *Lane* still reflects the current law in this circuit. Because defendant DSS, a Louisiana state agency, has received federal financial assistance, it has also waived its sovereign immunity to claims brought under the Rehabilitation Act.[5]

Accordingly;

**IT IS ORDERED** that defendants' **Motion to Dismiss on the Grounds of State Sovereign Immunity** (Rec.Doc. 29) should be and is hereby **DENIED;**

**IT IS FURTHER ORDERED** that the Court's order entered on January 15, 2002 denying the Motion to Withdraw filed by plaintiff's counsel (Rec.Doc. 32) is hereby **VACATED;** the Court will hold a **telephone status conference at *10:30 a.m. on***

*Friday, February 8, 2002,* to take up the issues raised in the motion; the **plaintiff is required to personally participate** in the telephone conference and accordingly plaintiff's counsel is ORDERED to forward notice of the conference to plaintiff and to inform the Court prior to the conference of the telephone number at which plaintiff may be reached to participate in the Court-initiated telephone conference.

---

4. In *Atascadero* the Court held that Congress had not unequivocally waived states' sovereign immunity in the Rehabilitation Act. *Atascadero,* 473 U.S. at 235, 105 S.Ct. at 3143–44. After *Atascadero,* Congress amended the Rehabilitation Act with section 1003 (codified at 42 U.S.C. § 2000d–7) so as to remedy the defectively ambiguous language of the Rehabilitation Act and unequivocally abrogate states' Eleventh Amendment immunity under it. *Lane,* 518 U.S. at 198, 116 S.Ct. at 2099.

5. Only one district court after *Reickenbacker* has addressed applying the holding of *Reickenbacker* to a Rehabilitation Act claim. *John-*

*son v. Louisiana,* Civ. A. No. 01–2002, 2002 WL 83645 (E.D.La. Jan.18, 2002). The court in *Johnson* acknowledged that *Reickenbacker* did not resolve the question of whether a state waived sovereign immunity to be sued under the Rehabilitation Act when it received federal funds. *Id.* at *5. At the same time, the court in *Johnson* also recognized that the jurisprudence of *Lane* controlled in this circuit as long as the Fifth Circuit declined to readdress the issue of the impact of the receipt of federal funds upon state sovereign immunity. *Id.*